UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

RONSARD M. HALLER, et al.,

    Plaintiffs,

    v.                                                                    Case No. 1:24-CV-293-CCB-SLC

HOBBY LOBBY STORES, INC.,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant's Hobby Lobby Stores, Inc. ("Hobby Lobby")

Motion to Dismiss for Failure to State a Claim. (ECF 20). Based on the applicable law,

facts, and arguments, the Motion to Dismiss for Failure to State a Claim is **GRANTED**

in part and **DENIED** in part.

## I.    RELEVANT BACKGROUND

On November 19, 2023, around 10:00am, Plaintiffs Ronsard M. Haller and Mary

Royse went to Defendant's Hobby Lobby store in Fort Wayne to shop for their children.

(ECF 14 at 1,2). As Plaintiffs approached the Christmas decorations area, they noticed a

series of red Christmas stockings on display, arranged to spell out the racial slur

"NIGGERS." (*Id.* at 2). Plaintiffs were shocked and distressed by the word and Mr.

Haller, an African American man, felt fearful for his safety. (*Id.*). Plaintiffs contacted the

store manager and reported the incident. (*Id.*). The display was then taken down. (*Id.*).

Plaintiffs "lost interest" in shopping "because they were repulsed and horrified at the

sight of the word" and left Defendant's store. (*Id.* at 3). Mr. Haller felt heartbroken and cried on the drive home. (*Id.* at 2).

Plaintiffs filed a state court complaint on June 13, 2024. (ECF 3). The case was removed to federal court on July 16, 2024. (ECF 1). Plaintiffs filed an amended complaint on August 19, 2024 (ECF 14), alleging that the presence of the racial slur at Hobby Lobby interfered with their rights under 42 U.S.C. § 1981 and constituted intentional and/or negligent infliction of emotional distress. (*Id.* at 3). Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserting that Plaintiffs' complaint does not state a claim for which relief can be granted. (ECF 20).

## II.    STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

When meeting this threshold, however, complaints "do not need to contain elaborate factual recitations." *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Rather, at the motion to dismiss stage, the plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Id.* A court cannot dismiss a complaint for failure to state a claim if, taking the facts pleaded as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570. The court, however, is "not bound by a plaintiff's legal characterization of the facts or required to ignore facts set forth in the complaint that undermine a plaintiff's claim." *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 762–63 (N.D. Ill. 2011).

## III.   ANALYSIS

Section 1981 provides all persons "the same right in every State . . .  to make and enforce contracts . . .  to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C.A. § 1981 (West). It is "a broad-based prohibition (and federal remedy) against racial discrimination in the making and enforcing of contracts." *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 393 (7th Cir. 2007). Usually, Section 1981 claims are brought in connection with the right to contract for employment, but the statute can also be used to enforce a plaintiff's rights to enter into a retail contract. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751 (7th Cir. 2006).

To bring a claim under Section 1981, plaintiffs must show: "(1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race;

and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v. Off. Max, Inc.*, 89 F.3d 411, 414 (7th Cir. 1996).

Plaintiffs can establish the first element because Mr. Haller is a black man. As for the second and third elements, however, Plaintiffs have not alleged facts sufficient to nudge their claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Plaintiffs must show that "the defendant had an intent to discriminate on the basis of race." Morris, 89 F.3d at 414. Plaintiffs allege that they came upon the Christmas stockings arranged to spell the racial slur (ECF 14 at 2), they did not see who arranged the stockings that way. After Plaintiffs notified the store manager to report the incident, the stocking display was taken down. (*Id.*). The facts alleged, while upsetting and unfortunate, are insufficient to support the claim that Defendant had an *intent* to discriminate on the basis of race because Plaintiffs do not allege Defendant spelled out the racial slur, Defendant refused to take the racial slur down, or that Defendant intended to discriminate against them.

As for the third element, Plaintiffs fail to allege sufficient facts to plausibly suggest that the discrimination concerned the making and enforcing of a contract. *McCauley*, 671 F.3d at 616 (*See Morris*, 89 F.3d at 414.). Plaintiffs argue that they were attempting to make a contract by shopping for goods but the racial slur "constructively evicted" them from continuing their shopping experience. (ECF 14 at 5, 6). They state that they "actually lost the ability to contract because of what happened within Hobby Lobby's place of business." (*Id.* at 6). Defendant, on the other hand, argues that like in

*Morris*, Plaintiffs cannot "allege specific facts showing that the defendant ha[d] deprived them of . . . the right to make and enforce a contract, if they [were] denied neither admittance nor service nor [were] they asked to leave the store." (ECF 21 at 4-5) (quoting *Morris*, 89 F.3d at 414). Accordingly, Defendant argues, because Plaintiffs did not attempt to make any purchases, they "never sought to actually enter into a contractual relationship" with Defendant and can therefore not "allege an actual loss of a contractual interest." (ECF 21 at 5).

Defendant is correct that Plaintiffs cannot establish the third element because they cannot point to specific facts showing that Defendant denied Plaintiffs admittance, service, or asked them to leave. Much like *Morris*, Plaintiffs had a general interest in the Christmas merchandise but they did not seek to enter into a contractual relationship with Hobby Lobby by initiating a purchase. "A claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." *Morris*, 89 F.3d at 414-15.

Plaintiffs cannot demonstrate that they were denied the right to make a contract and thus did not allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal, 556 U.S. at 678*. Therefore, Defendant's Motion to Dismiss is GRANTED as to the Section 1981 claims.

## IV.   CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **GRANTED** as to the Section 1981 claims and **DENIED** as to the state-law claims (ECF 20). Pursuant to 28 U.S.C. § 1367(c), courts have wide discretion in deciding whether to continue to

exercise jurisdiction if the underlying federal claim that supported supplemental

jurisdiction is dismissed. The Court declines to exercise supplemental jurisdiction over

Plaintiffs' state-law claims and the case is **REMANDED** to the Allen County Court,

Indiana. (ECF 14).


SO ORDERED on April 14, 2025.


/s/*Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT